IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WAYNE T. GAMBLE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 18-1089-LPS |
| | : | |
| UNITED STATES DELAWARE POST OFFICE, et al., | : | |
| | : | |
| | : | |
| Defendants. | : | |

Wayne T. Gamble, Wilmington, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

March 21, 2019
Wilmington, Delaware

*signature: Leonard P. Stark*

**STARK, U.S. District Judge:**

## I.  INTRODUCTION

Plaintiff Wayne T. Gamble ("Plaintiff") filed this action on July 24, 2018.  (D.I. 2)  He appears *pro se* and has been granted leave to proceed *in forma pauperis*.  (D.I. 4)  The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2).

## II.  BACKGROUND

Plaintiff alleges the Dover, Delaware Capitol Building and Dover, Delaware Capitol police were messing with his mail and rewriting it.  He alleges the Dover, Delaware Capitol Building deleted his legal civil rights motion out of the United States District Court for the District of Delaware's court computer.  Plaintiff also alleges that he was told that his farm money was stolen from Citizens Bank in Wilmington, Delaware.  Plaintiff states that he is innocent of murder and insurance crime.  Plaintiff alleges North federal agents help people steal money from Citizens Bank, this has been going on for 13 to 14 years, and federal agents' "time is up."  Plaintiff states that he is not incompetent.

## III.  LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions).  The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff.  *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Because Plaintiff proceeds *pro se*, his pleading is

1

liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765

F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

The allegations in the Complaint are both legally and factually frivolous and do not rise to the level of any constitutional violations. Plaintiff has raised many of these claims in cases previously dismissed by the Court. As pled, there is no legal basis for Plaintiff's claims. Indeed, the allegations are conclusory, somewhat delusional, and the Court's experience and common sense lead it to recognize that the Complaint does not state a facially plausible claim for relief. *See Iqbal*, 556 U.S. at 679.

Finally, Defendants are immune from suit. It is well-established that an action against the United States cannot be maintained unless the United States waives its sovereign immunity. *United*

3

*States v. Mitchell (I),* 445 U.S. 535, 538 (1980). Moreover, "[i]t is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell (II)*, 463 U.S. 206, 212 (1983). Therefore, the Court will dismiss the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (iii).

**V.      CONCLUSION**

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (iii). The Court finds amendment futile.

An appropriate Order follows.